**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT ROCK GUNN,**

      **Plaintiff,**

    v.                  CASE NO. 10-3213-SAC

**STATE OF KANSAS, et al.,**

      **Defendants.**

## O R D E R

This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Norton Correctional Facility, Norton, Kansas. Plaintiff has also filed a Motion to Proceed Without Prepayment of Fees. Having considered these materials, the court finds as follows.

As the factual basis for his Complaint, Mr. Gunn alleges as follows. He was in the Intensive Care Unit for emergency "cardiac care" at the St. Francis Via Christie Hospital in Wichita, Kansas, when on November 7, 2008, two Sedgwick County Sheriff's Deputies, defendants John and Jim Doe, came to his room while he was "undergoing procedure," took him into custody under a bench warrant, and transported him to the Sedgwick County Jail. He was restricted to bed and on narcotics at the time, and was subject to black-outs, seizures and heart attacks. The deputies did not comply with any procedures regarding his medical release and did not inform their superiors at the jail of the situation. He had been admitted 5 or 6 times during the previous months for emergency care and it was determined he needed heart surgery to replace a mitral valve

"stemming from rheumatic fever as a child," which has disabled him for nearly 50 years. The procedure that was interrupted by defendants would have enabled him to have the open-heart surgery. At the jail, he suffered severe loss of blood from his nose and eyes for over 40 hours. On November 9, 2008, he was returned by sheriff's officers in an ambulance to the St. Francis emergency room.

Mr. Gunn claims that the two arresting deputies endangered his life, were deliberately indifferent to his serious medical needs, interfered with his prescribed medical treatment, prevented his "much needed open-heart surgery to replace mitral valve," lacked proper training by Sheriff Gary Steed, and attempted to commit voluntary manslaughter. He further claims that defendants subjected him to an "intrusive seizure" and excessive force.[1] In addition, he claims "professional malpractice" and negligence by the Sedgwick County Sheriff's Deputies as well as Sheriff Gary Steed in interfering with a serious medical procedure in progress and failing to insure his safety and well-being. He also claims that defendants' actions prevented him from receiving surgery for his mitral valve and interfered with his contract with St. Francis doctors for eventual open-heart surgery. He asserts violation of the Eight Amendment's prohibition against cruel and unusual

---

[1] "A police officer violates an arrestee's clearly established Fourth Amendment right to be free of excessive force during an arrest if the officer's arresting actions were not 'objectively reasonable' in light of the facts and circumstances confronting [him]." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1313-14 (10th Cir. 2002)(citing Graham v. Connor, 490 U.S. 386, 397 (1989)); Cruz v. City of Laramie, 239 F.3d 1183, 1188 (10th Cir. 2001)). The court "assesses the reasonableness of an officer's conduct 'from the perspective of a reasonable officer on the scene,' acknowledging that the officer may be 'forced to make split-second judgments' in certain difficult circumstances." Id. (citing Medina v. Cram, 252 F.3d 1124, 1131 (10th Cir. 2001).

punishment applicable to pre-trial detainees through the Fourteenth Amendment, and cites other constitutional and statutory provisions. Plaintiff seeks compensatory and punitive damages as well as "restitution for open-heart surgery costs."

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEE**

The statutory fee for each civil action filed in federal court is $350.00. Mr. Gunn seeks leave to proceed without prepayment of fees (Doc. 2) and has submitted the requisite affidavit and financial records in support of his motion. Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action. Where insufficient funds exist for payment up front of the full filing fee, the court is directed to collect an partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered the plaintiff's financial records, the court finds it appears that no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. However, plaintiff is reminded that he will remain obligated to pay the $350.00 district court filing fee in this civil action, and payments may be collected from his inmate trust fund account when funds become available

3

pursuant to 28 U.S.C. § 1915(b)(2).[2]

**SCREENING**

Because Mr. Gunn is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds that portions of the complaint are subject to being dismissed.

**DEFENDANTS**

In the caption, plaintiff names the following defendants: State of Kansas; Sedgwick County; Gary Steed, Sedgwick County Sheriff; Steed's; "his County Sheriff Officers", and "any employees thereof." In the second paragraph, where he is to provide information on each defendant that should have been already named in the caption, he adds as defendants Sedgwick County Commissioners and Sedgwick County Sheriff's Deputies John and Jim Doe. The court construes the complaint as also naming the Jim and John Doe Deputies as well as the Sedgwick County Commissioners, even though plaintiff failed to comply with the requirement in Fed.R.Civ.P. Rule 10 that he name

---

[2] Being granted leave to proceed without prepayment of fees entitles a prisoner to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

4

every defendant in the caption of the complaint. Pro se litigants are required to adhere to the Federal Rules of Civil Procedure. If this construction by the court of the named defendants is incorrect, plaintiff may file an Amended Complaint that properly names each and every defendant in the caption.[3] Plaintiff's inclusion in the caption of "his County Sheriff's Officers" and "any employees thereof" are very general references, with no facts alleged in the complaint to suggest liability for all Sedgwick County Sheriff's Officers or all employees. These general references will not be considered as properly naming any defendant in this action.

**IMMUNITY AND PERSONAL PARTICIPATION**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell

---

[3] An amended complaint must be submitted upon forms provided by the court, and must name all defendants in the caption. It must also include all claims and allegations the plaintiff wishes to present. This is because an amended complaint completely supercedes the original complaint, so that anything in the original that is not included in the amended complaint will not be before the court.

v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). It follows that a supervisor may not be held liable predicated solely upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995). Instead, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). To be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). As the U.S. Supreme Court recently explained in Ashcroft v. Iqbal,__U.S.___, 129 S.Ct. 1937, 1948 (2009):

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. (Citations omitted). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Id. The Tenth Circuit Court of Appeals has also held "that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff may not recover damages from defendant State of Kansas because the State is absolutely immune to suit for money

damages under the Eleventh Amendment.  See Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1999)("The Supreme Court has previously held that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983); Quern v. Jordan, 440 U.S. 332, 345 (1979)).  Kansas has not unmistakably waived its Eleventh Amendment immunity.  Consequently, the Eleventh Amendment bars plaintiff's suit against the State, and this action shall be dismissed as against defendant State of Kansas.

Plaintiff alleges that he sues each defendant in their official as well as their individual capacity.  However, state officials may not be sued for money damages in their official capacities.  See Edelman v. Jordan, 415 U.S. 651, 677 (1974)(barring any retroactive award against state officials sued in their official capacity which requires the payment of funds from the State treasury).  Generally, "the law considers state officials acting in their official capacities to be acting on behalf of the state and immune from unconsented lawsuits under the Eleventh Amendment.").  See Elephant Butte Irrigation District of New Mexico v. Dept. of Interior, 160 F.3d 602, 607 (10th Cir. 1998)(citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985))("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity.").  Since the only relief sought by plaintiff is money damages, his claims against defendants in their official capacities are barred by the Eleventh Amendment.  The action thus proceeds against defendants in their individual capacities only.

Plaintiff may be seeking to impose § 1983 liability against

7

defendants Sheriff Steed, Sedgwick County, and Sedgwick County Commissioners by baldly alleging a failure to train and supervise the arresting deputies. To impose § 1983 liability on the County and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing see Monell v. Department of Social Services, 436 U.S. 658, 695 (1978)). The Supreme Court has explained that in Monell they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 385-86 (1989).[4] Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Sedgwick County and no causal link between any such inadequacy and the allegedly unreasonable arrest by Jim and John Doe.

In sum, plaintiff has failed to demonstrate any factual basis to impose liability on the Sheriff, the County, and the County

---

[4] To prevail on a claim of failure to train, a plaintiff must first prove that the training was in fact inadequate, and then satisfy the following requirements:

> (1) the [arresting] officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situations with which law enforcement officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the party of the [Sheriff or County] toward persons with whom the officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

See Carr v. Castle, 337 F.3d 1221, 1228 (10th Cir. 2003).

Commissioners for the alleged acts of arresting deputies, John Doe and Jim Doe. He shall be given time to state additional facts showing the personal participation of these three defendants. If he fails to provide sufficient additional facts within the prescribed time, this action will be dismissed as against these three defendants without further notice.

Plaintiff's claims of interference with contract are not supported by facts, and in any event are not shown to state a federal constitutional violation so as to be grounds for relief under § 1983.

Mr. Gunn reveals that on September 17, 2010, he filed another lawsuit dealing with the same facts and raising all the same issues and more, against the same defendants, that is currently pending in the Eighteenth Judicial District Court, Sedgwick County, Kansas. This was his right, and the cases may proceed in parallel; however, if a judgment is entered in the state court action before this matter is resolved in federal court, this court will need to consider its effect under principles of res judicata.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted, and plaintiff is hereby assessed the full filing fee of $350.00 to be collected through payments automatically deducted from his inmate account.

**IT IS FURTHER ORDERED** that this action is dismissed as against defendant State of Kansas on grounds of immunity, and as against defendants "his county Sheriff Officers" and "any employees thereof" as phrases too general to name an individual as defendant.

**IT IS FURTHER ORDERED** that the complaint is construed to include as named defendants: Sedgwick County Deputies John Doe and Jim Doe, and Sedgwick County Commissioners.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims are dismissed, without prejudice, as are his claims of contract interference.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed as against defendants Sheriff Gary Steed, Sedgwick County, and Sedgwick County Commissioners for failure to allege facts showing personal participation on the part of these defendants.

The clerk is directed to transmit a copy of this Order to the Finance Officer at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 3rd day of December, 2010, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge