IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT ROCK
GUNN,

           Plaintiff,

         v.                  CASE NO. 10-3213-SAC

STATE OF KANSAS,
et al.,

           Defendants.

**O R D E R**

    This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Norton Correctional Facility, Norton, Kansas. Mr. Gunn was granted leave to proceed without prepayment of fees. He claims, among other things, that he was arrested by two deputies, John and Jim Doe, of the Sedgwick County Sheriff's Department, and that the two arresting officers endangered his life, were deliberately indifferent to his serious medical needs, interfered with his prescribed medical treatment, prevented his "much needed open-heart surgery," and that their acts or inactions were the result of lack of proper training by Sheriff Gary Steed. He further claims that defendants subjected him to an "intrusive seizure" and excessive force. He asserts violation of the Eight Amendment's prohibition against cruel and unusual punishment applicable to pre-trial detainees through the Fourteenth Amendment, and cites other constitutional and statutory provisions. Plaintiff seeks compensatory and punitive damages as well as "restitution for

open-heart surgery costs." The court issued a screening order herein, which required plaintiff to cure the deficiencies in his complaint. Having considered his response, the court finds as follows.

In the caption of the complaint, plaintiff names the following defendants: State of Kansas; Sedgwick County; Gary Steed, Sedgwick County Sheriff; "his County Sheriff Officers"; and "any employees thereof."[1] The court previously construed the complaint as naming the Jim and John Doe Deputies as well as the Sedgwick County Commissioners, which were not referred to in the caption, but elsewhere in the complaint.

The State of Kansas, the vague phrases "his county Sheriff Officers", and "any employees thereof" have already been dismissed from this action. The court further finds that plaintiff has not alleged sufficient facts to impose § 1983 liability upon either Sedgwick County or the Sedgwick County Commissioners. Mr. Gunn was informed that his bald allegations of a failure to train and supervise were not sufficient to impose § 1983 liability on the County or its Commissioners for the acts allegedly taken by its employees. The allegations in plaintiff's Response regarding the Commissioners' general authority and delegation of powers, such as to arrest, in no way suggest that a specific county policy or

---

[1] In his subsequent motion for subpoena (Doc. 6), plaintiff changes the caption to include "S.C.A.D.F. Medical Clinic". This was not a defendant named in the complaint. Plaintiff may not add parties to this action by simply changing the caption in a motion. Instead, a complete amended complaint must be filed that complies with Rule 15, Fed.R.Civ.P. Thus, S.C.A.D.F. has not been properly named as a defendant in this action. In any event, a medical clinic is not a "person" that can be sued under § 1983.

2

custom was "the moving force" behind the alleged constitutional violations at the time of his arrest. Nor has plaintiff pointed to any causal link between specific acts by or policies of County Commissioners and plaintiff's allegedly unreasonable arrest by Jim and John Doe during surgery. The court finds that plaintiff has failed to demonstrate any factual basis to impose liability upon either the County or the County Commissioners for the alleged acts of the arresting deputies, John Doe and Jim Doe, and has failed to state facts showing the personal participation of defendants Sedgwick County or Sedgwick County Commissioners. The court concludes that this action must be dismissed as against these defendants.

Plaintiff's "Subpoena Asking for Production of Documents" is a premature motion to compel discovery. Plaintiff must follow all rules pertaining to discovery. The Federal Rules of Civil Procedure govern such requests, rather than the Kansas statutes. Plaintiff does not allege that he has served a request for this information or documents upon the "other party" pursuant to either Rule 33 or Rule 34 of the Federal Rules of Civil Procedure and that the party served has objected to his requests. Arrest records, including names of arresting officers, may be matters of public record available from the law enforcement agency pursuant to an Open Records Request under the Kansas Open Records Act. See K.S.A. § 45-216(a); Bell v. City of Topeka, KS, 279 Fed.Appx. 689, (10th Cir. 2008)(Arrestee who did not ask city attorney for the names of officers, even though the front page of offense report contained

3

the name of the reporting officer and was an open public record subject to disclosure, and did not provide enough information to enable the police department to provide him with names, was not allowed to amend his complaint to add the officers' names after expiration of the statute of limitations, and defendants' motion for summary judgment was sustained.)

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of Sedgwick County, Kansas. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Subpoena (Doc. 6) is denied, without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed as against defendant Sedgwick County and defendants Sedgwick County Commissioners; and that this action proceeds only as against defendants Gary Steed and arresting Sedgwick County Sheriff's Deputies Jim Doe and John Doe.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms and summons pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this

order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) Officials responsible for the operation of the Sedgwick County Sheriff's Department are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of Sedgwick County, Kansas, to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response

to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Sedgwick County Sheriff's Department, and to the District Attorney for Sedgwick County, Kansas.

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Sedgwick County Sheriff's Department (SCDS) as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein.  Upon the filing of that report, the SCSD may move for termination from this action.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2011, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge