```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS
```

**ROBERT ROCK GUNN,**

                **Plaintiff,**

        **v.**                             **CASE NO. 10-3213-SAC**

**GARY STEED, Sedgwick County Sheriff, et al.,**

                **Defendants.**

### O R D E R

This civil complaint, 42 U.S.C. § 1983, was filed pro se by Mr. Gunn while he was a state prison inmate. He seeks money damages based upon events that allegedly occurred during his arrest and detention in Sedgwick County, Kansas.

The court granted plaintiff leave to proceed without prepayment of fees and, upon screening, dismissed all defendants other than Gary Steed and Sedgwick County Sheriff's Deputies Jim Doe and John Doe, alleged to be the arresting officers. The court ordered service of summons upon the remaining defendants and issued an order requiring defendants to prepare and submit a Martinez Report. Summons was executed as to defendant Steed. Thereafter, mail from the court addressed to Mr. Gunn at the last address provided by him was returned and was marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward."[1] Since then the Martinez Report has been filed, and defendant Steed has filed his Answer to the complaint.

---

[1] Records of KDOC offenders available on-line indicate that Mr. Gunn was discharged on July 30, 2010. Plaintiff has not provided the court with his change of address.

In Steed's Answer, he generally alleges that he is not a proper defendant and has not been properly served so that plaintiff has not obtained personal jurisdiction over him. He more specifically alleges that plaintiff was arrested by Sheriff's Deputies "on the premises of via Christi St. Francis Hospital in Wichita, Kansas" on numerous warrants immediately after his discharge from the hospital, and was "booked shortly afterward into the Sedgwick County Detention Facility" (SCDF). Defendant expressly raises several defenses in his Answer including failure to state a claim, failure to obtain personal jurisdiction, statute of limitations bar, qualified immunity, and failure to exhaust. The court is asked to dismiss the complaint.

In addition to considering defendant's request to dismiss, the court has a continuing duty to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Martinez Report that is now before the court was prepared by "Interested Party Sedgwick County Sheriff's Department." The court has reviewed the report and finds that it contains a statement of facts that is supported by records submitted with the report regarding plaintiff's hospital discharge, his arrest and detention, and his medical treatment while in the custody of the Sedgwick County Sheriff. These records indicate that plaintiff was not medically qualified to receive heart surgery at the time in question due to his drug abuse, that he was discharged from the hospital prior to his arrest, and that he was provided medical care during his detention at the SCDF.

As noted, defendant Steed asks that this action be dismissed. Martinez reports do not fall within the rule that a court ordinarily may not look beyond the pleadings in analyzing a motion to dismiss. See Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991). In pro se prisoner litigation, the Tenth Circuit endorses the ordering of a "Martinez report" where corrections officials undertake an investigation of the events at issue and construct an administrative record from that investigation. See Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). The purpose of a Martinez report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Breedlove v. Costner, 405 Fed.Appx. 338, 343 (10th Cir. 2010)(unpublished),[2] cert. denied, 131 S.Ct. 2162 (2011)(citing Hall, 935 F.2d at 1109). The court does not, however, accept the factual findings from the prison investigation in the report when plaintiff has presented conflicting evidence. Id. (citing Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). In considering a dispositive motion, a Martinez report is treated like an affidavit. The Court likewise treats the pro se prisoner's complaint, when sworn and made under penalty of perjury, as an affidavit.

The court has authority to sua sponte convert defendant's motion to dismiss to one for summary judgment. Plaintiff and defendants are hereby notified that defendant Steed's request for dismissal in his Answer is hereby treated by the court as a Motion for Summary Judgment under Fed.R.Civ.P. Rule 56.

---

[2] Unpublished opinions are not cited herein as binding precedent, but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

In order to oppose defendant Steed's summary judgment motion, plaintiff must file a "Memorandum in Opposition to Defendant Steed's Motion for Summary Judgment."  D.Kan.Rule 56.1(b).  In this Memorandum, Mr. Gunn must "begin with a section containing a concise statement of material facts as to which (he) contends a genuine issue exists."  Each fact that plaintiff claims is in dispute must be numbered and "refer with particularity to those portions of the record upon which (plaintiff) relies."  He is also required to abide by Subsection (d) of Rule 56.1, which provides:

> All facts on which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions.  Affidavits must be made on personal knowledge and by a person competent to testify to the facts stated that are admissible in evidence.  Where facts referred to in an affidavit or declaration are contained in another document that is not already a part of the court file, a copy of the relevant document must be attached.

Id.  Plaintiff will be given thirty (30) days to file his Memorandum in Opposition to defendant Steed's motion for summary judgment.

**DEFENDANTS JIM DOE AND JOHN DOE**

There is no evidence in the record that the arresting officers, defendants Jim Doe and John Doe, were personally served with the complaint in this action.  Plaintiff has never provided the name or address of these defendants or other identifying information sufficient to allow service of process.  As a consequence, these two defendants were not effectively served within the time limit

4

provided by Fed.R.Civ.P. 4(m), which is 120 days.[3] Mr. Gunn will be given time to show cause why this action should not be dismissed as against defendants Jim Doe and John Doe for failure to serve within 120 days.  See <u>Fields v. Okla.State Pen.</u>, 511 F.3d 1109, 1113 (10th Cir. 2007).

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Steed's request for dismissal in his Answer (Doc. 14) is hereby converted to defendant Steed's Motion for Summary Judgment and, for sake of clarity, the clerk is directed to copy Doc. 14 and docket it as defendant Steed's Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a Memorandum in Opposition to defendant Steed's Motion for Summary Judgment, which complies with district court rules and Fed.R.Civ.P. Rule 56.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period plaintiff is required to show cause why this action should not be dismissed, without prejudice, as against defendants Jim Doe and John Doe for failure to serve these defendants within the time required under Fed.R.Civ. 4(m).

**IT IS SO ORDERED**.

Dated this 17th day of April, 2012, at Topeka, Kansas.

---

[3]   Federal Rule of Civil Procedure 4(m) provides:

Time Limit for Service.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

```
                              s/Sam A. Crow
                              U. S. Senior District Judge
```