IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ROBERT ROCK GUNN,**
                **Plaintiff,**

        v.                              CASE NO.  10-3213-SAC

**GARY STEED, Sedgwick
County Sheriff, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

    This civil complaint, 42 U.S.C. § 1983, was filed pro se by Mr. Gunn while he was a state prison inmate.  He seeks money damages based upon events that allegedly occurred during his arrest and detention in Sedgwick County, Kansas.  The court granted plaintiff leave to proceed without prepayment of fees, ordered service of summons, and issued an order requiring defendants to prepare and submit a Martinez Report.  Summons was executed as to defendant Steed.  Thereafter, mail from the court addressed to Mr. Gunn at the last address provided by him was returned that was marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward."[1]  Since then, the Martinez Report has been filed and defendant Steed has filed his Answer to the complaint.

---

[1] Records of KDOC offenders available on-line indicate that Mr. Gunn was discharged on July 30, 2010.  Plaintiff has not notified the court of his release or his change of address.

This matter is now before the court upon defendant Steed's motion for summary judgment (Docs. 14, 16) as well as the court's order for plaintiff to show cause why this action should not be dismissed as against the Doe defendants for lack of timely service.

Plaintiff and defendant Steed were notified that defendant Steed's request for dismissal in his Answer was converted by the court to a Motion for Summary Judgment under Fed.R.Civ.P. 56. Plaintiff was given time to file a Memorandum in Opposition. The time has expired, and plaintiff has not responded in any manner. Accordingly, defendant Steed's motion is unopposed.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.), *cert. denied*, 537 U.S. 816 (2002)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet this standard, a movant that "does not bear the ultimate burden of persuasion at trial" need not negate the other party's claim; rather, the movant may simply point out to the court "a lack of evidence for the nonmovant on an essential element of that party's claim." *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000)(citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670, 671 (10th Cir. 1998)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there

is a genuine issue for trial." *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 324)).  In responding to a motion for summary judgment, the nonmoving party "may not rest upon mere allegation" in his pleading to satisfy his burden.  *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006)(quoting *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000)("The plaintiff must go beyond the pleadings and 'designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.'")); *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197-98 (10th Cir. 2000)(quoting *Adler*, 144 F.3d at 671)).  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."  *Celotex*, 477 U.S. at 324 (The nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"); *Adams*, 233 F.3d at 1246.  The court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  Summary judgment is not disfavored, but is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

In considering a dispositive motion, a Martinez report is treated as an affidavit.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1111 (10th Cir. 1991). The Court likewise treats the pro se prisoner's complaint as an affidavit insofar as it has been sworn under penalty of perjury and alleges facts based on plaintiff's personal knowledge.  *Id.* Plaintiff signed his complaint under the penalty of perjury. Accordingly, the factual allegations in the complaint carry the same evidentiary weight as if they were contained in an affidavit. *See*, *e.g., Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988)("Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).").

Since plaintiff has not responded to this dispositive motion, he obviously has not gone beyond the allegations in his pleadings and presented specific undisputed facts.  The court has again reviewed the complaint, this time as an affidavit where appropriate.  Therein, plaintiff alleges as follows.  He was in the Intensive Care Unit at a Wichita hospital for emergency "cardiac care" on November 7, 2008, when two Sedgwick County Sheriff's Deputies, defendants John and Jim

Doe, came to his room while he was "undergoing procedure," took him into custody, and transported him to the Sedgwick County Jail. At the time, he was restricted to bed, on narcotics, and was subject to black-outs, seizures and heart attacks. The deputies did not comply with any medical release procedures and did not inform their superiors of the situation. During the previous months, it had been determined that he needed heart surgery. The procedure interrupted by defendants would have enabled him to have the heart surgery. At the jail, plaintiff suffered severe loss of blood from his nose and eyes for over 40 hours. On November 9, 2008, he was returned by ambulance to the hospital emergency room. Mr. Gunn asserts cruel and unusual punishment and violations of other constitutional and statutory provisions, and seeks compensatory damages including "restitution for open-heart surgery costs."

The Martinez Report[2] contains a statement of specific facts regarding plaintiff's hospital discharge, his arrest and detention, and his medical treatment while in the custody of the Sedgwick County Sheriff's Department that is supported by records submitted with the report. The administrative records indicate that plaintiff was not

---

[2] In pro se prisoner litigation, the Tenth Circuit endorses the ordering of a "Martinez report" where corrections officials undertake an investigation of the events at issue and construct an administrative record from that investigation. See Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). The purpose of a Martinez report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Breedlove v. Costner, 405 Fed.Appx. 338, 343 (10th Cir. 2010)(unpublished),[2] cert. denied, 131 S.Ct. 2162 (2011)(citing Hall, 935 F.2d at 1109)(unpublished opinion not cited as binding authority). The court does not, however, accept the factual findings from the prison investigation in the report when plaintiff has presented conflicting evidence. Id. (citing Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997).

medically qualified to receive heart surgery at the time in question due to his drug abuse, that he was discharged from the hospital prior to his arrest, and that he was provided medical care during his detention at the Sedgwick County Facility. The court finds that movant has thus pointed out "a lack of evidence for the nonmovant on essential" elements of his claims.

The United States Supreme Court discussed the requirement that there be a "genuine" fact dispute in *Scott v. Harris*, 550 U.S. 372, 280 (2007):

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

The court need not treat a verified complaint as an affidavit if the allegations in the pleading are merely conclusory. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988). Plaintiff's allegations that he was undergoing a procedure to allow him to have heart surgery and that the deputies did not comply with hospital release procedures are vague and conclusory in that they do not indicate what procedure he was undergoing and are not clearly based upon his personal knowledge. Moreover, they are "blatantly contradicted" by the more specific facility records. His claim that he was denied treatment at the jail is also conclusory. Plaintiff's own allegation that he

6

was taken to the emergency room indicates that he received medical attention. None of plaintiff's factual allegations are supported by documentary evidence. The court has before it documentary evidence that establishes facts contrary to the bald allegations in plaintiff's complaint. Defendant presents undisputed evidence that plaintiff was not in the midst of or being prepared for heart surgery at the time of his arrest, was released by hospital authorities prior to his arrest, and was provided medical care for his serious needs while detained in Sedgwick County custody. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient." *Southway v. Central Bank of Nigeria*, 149 F.Supp.2d 1268, 1273 (D.Colo. 2001), *aff'd*, 328 F .3d 1267 (10th Cir. 2003); *Robertson v. Board of County Com'rs of County of Morgan,* 78 F.Supp.2d 1142, 1146 (D.Colo.), *aff'd,* 166 F.3d 1222 (10th Cir. 1999)(citing *Anderson*, 477 U.S. 242, 250 (1986); quoting *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995. The court concludes that defendant has established and plaintiff has not refuted that there is no genuine dispute of material fact for trial. Accordingly, the motion for summary judgment is granted.

The court also previously found that there is no evidence in the record that the arresting officers, defendants Jim Doe and John Doe,

were personally served with the complaint. Plaintiff has never provided the name or address of these defendants or other identifying information sufficient to allow for service of process. As a consequence, these two defendants were not effectively served within the time limit provided by Fed.R.Civ.P. 4(m), which is 120 days.[3] Mr. Gunn was given time to show cause why this action should not be dismissed as against the two Doe defendants for failure to serve within 120 days. *See Fields v. Okla.State Pen.*, 511 F.3d 1109, 1113 (10th Cir. 2007). He has filed no response to this order. Accordingly, the court finds that this action must be dismissed as against these two defendants for lack of timely service.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Steed's Motion for Summary Judgment (Docs. 14, 16) is sustained, and this action is dismissed as against defendant Steed as a result.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, as against defendants Jim Doe and John Doe for failure to serve these defendants within the time required under Fed.R.Civ. 4(m).

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied.

---

[3] Federal Rule of Civil Procedure 4(m) provides:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**IT IS SO ORDERED.**

Dated this 20th day of June, 2012, at Topeka, Kansas.

                                            s/Sam A. Crow
                                            U. S. Senior District Judge